# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| THEYER ANN TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-2447-SHM-dkv |
| v. | ) | |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Defendant City of Memphis's Motion to Dismiss Plaintiff Theyer Ann Turner's complaint under Federal Rule of Civil Procedure 12(b)(6) and (b)(7). (ECF Nos. 18, 18-16.) Plaintiff responded on October 6, 2017. (ECF No. 32.) Defendant replied on October 26, 2017. (ECF No. 37.)

For the following reasons, Defendant's Motion to Dismiss is DENIED.

## I. Background

On October 15, 2015, Turner filed a Charge of Discrimination (the "EEOC Charge") with the Equal Employment Opportunity Commission (the "EEOC"). (EEOC Charge, ECF No. 1-2.) The EEOC Charge alleged that Defendant had engaged in discrimination based on race, disability, and FMLA rights.

(Id.)  It also alleged that Defendant had retaliated by

discharging Turner.  (Id.)  The EEOC sent Turner a Dismissal

and Notice of Rights letter, dated March 30, 2017.  (ECF No. 1-

3.)[1]

On June 28, 2017, Turner brought this action against

Defendant raising claims of discrimination based on race,

disability, FMLA rights, and retaliation in violation of Title

VII of the Civil Rights Act of 1964, as amended ("Title VII"),

42 U.S.C. § 2000e-5(f)(1), and the Americans with Disabilities

Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., as amended by

the ADA Amendment Act of 2008, Pub.L. No. 110-325, 122 Stat.

3553 (2008).

On August 15, 2017, Defendant filed the Motion to Dismiss.

(ECF No. 18.)

## II.  Jurisdiction

Turner brings suit under the ADA and Title VII.  The Court

has federal question jurisdiction under 28 U.S.C § 1331.

Federal courts do not have jurisdiction over claims brought

under the ADA or Title VII "'unless the claimant explicitly

---

[1] The EEOC Dismissal and Notice of Rights letter states that Turner
has 90 days to file suit.  (ECF No. 1-3.)  Federal Rule of Civil Procedure
6(a)(1)(A) provides that the Court is to "exclude the day of the event that
triggers the period" of limitation.  See Fed. R. Civ. P. 6(a)(1)(A).  The
event that would trigger the period of limitation in this instance is the
receipt of the EEOC Dismissal and Notice of Rights letter.  Turner does not
state when she received the letter.  Even if she received it on March 30,
2017, the 90-day period would have begun on March 31, 2017.

files the claim in an EEOC charge or the claim can reasonably

be expected to grow out of the EEOC charge.'" Jones v. Sumser

Retirement Village, 209 F.3d 851, 853 (6th Cir. 2000) (quoting

Abeita v. Transamerica Mailings, Inc., 159 F.3d 246, 254 (6th

Cir. 1998)).  Turner filed her EEOC Charge on October 15, 2015.

(EEOC Charge, ECF No. 1-2.)  Her EEOC Charge alleges

discrimination based on race in violation of Title VII,

discrimination based on disability in violation of the ADA, and

retaliation.  (Id.)

    If the alleged discrimination occurred more than 180 days

before the plaintiff files an EEOC charge, claims based on that

discrimination are barred.  See Carson v. Sim, 778 F.Supp.2d

85, 95 (D.D.C. 2011) (ADA claims); Alexander v. Local 496,

Laborers' Int'l Union of N. Am., 177 F.3d 394, 407 (6th Cir.

1999) (Title VII claims).  "However, if the alleged unlawful

practice occurs in a 'deferral state' . . . which has enacted

its own laws prohibiting discrimination in employment, the

plaintiff must file suit within 300 days of the alleged

discriminatory act."  Alexander, 177 F.3d at 407l; see also

Carson, 778 F. Supp. 2d at 95 (applying that limitations period

to ADA claims).  Tennessee is a deferral state.  Howlett v.

Holiday Inns, Inc., 49 F.3d 189, 197 (6th Cir. 1995).  "The

three-hundred-day period begins to run from the date of 'the

alleged unlawful employment practice.'" <u>Broadway v. United
Parcel Serv., Inc.</u>, 499 F.Supp.2d 992, 999 (M.D. Tenn. 2007)
(internal citation omitted).

Turner filed her EEOC Charge 290 days after the alleged
unlawful termination.  Her EEOC Charge was timely.  The Court
has federal question jurisdiction under 28 U.S.C § 1331.

## III. Standard of Review

### A. Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) allows dismissal of a complaint that
"fail[s] to state a claim upon which relief can be granted."  A
Rule 12(b)(6) motion permits the "defendant to test whether, as
a matter of law, the plaintiff is entitled to legal relief even
if everything alleged in the complaint is true." <u>Mayer v.
Mylod</u>, 988 F.2d 635, 638 (6th Cir. 1993) (citing <u>Nishiyama v.
Dickson Cnty.</u>, 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to
dismiss is designed to test whether the plaintiff has pled a
cognizable claim and allows the court to dismiss meritless
cases that would waste judicial resources and result in
unnecessary discovery.  <u>See</u> <u>Scheid v. Fanny Farmer Candy Shops,
Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988).

When evaluating a motion to dismiss for failure to state a
claim, the Court must determine whether the complaint alleges

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679.  The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance.  Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

**B. Motion to Dismiss for Failure to Join Necessary Party**

"[T]he resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process." Keweenaw Bay Indian Cmty. v. Michigan, 11 F.3d 1341, 1345 (6th Cir. 1993). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 666 (6th Cir. 2004). Under Rule 19(a), a party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

"Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." Id. "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in

6

equity and good conscience' dismiss the case because the

absentee is indispensable."  Id.

## IV.  Analysis

### A. Motion to Dismiss for Failure to State a Claim

#### 1. Evidentiary Matters

Defendant argues that Plaintiff "fails to allege a

cognizable claim against the City of Memphis because Plaintiff

was employed by the Memphis City Council."  (ECF No. 18 at 54.)

Defendant attaches fifteen exhibits to its Motion to Dismiss:

four ordinances (ECF Nos. 18-1 – 18-4), the Memphis City

Council Rules of Procedure (ECF No. 18-5), six letters about

Plaintiff's application and dismissal (ECF Nos. 18-6 – 18-9,

18-13 – 18-14), two forms about Plaintiff's employment (ECF

Nos. 18-10 – 18-11), a portion of the City of Memphis's

Personnel Manual Policy (ECF No. 18-12), and the Memphis City

Council Operating Budget – Division Summary (ECF No. 18-15).

Defendant attaches to its reply an Affidavit by the Staff

Administrator for the Memphis City Council, Jauness Keplinger,

and an additional portion of what appears to be a Personnel

Manual.  (ECF Nos. 37-1 – 37-2.)

Plaintiff contends that Defendant's reference to materials

outside the pleadings should be disregarded or that the Motion

should be converted to a motion for summary judgment.  (ECF No.

32-1 at 206-07.)  Defendant contends that the additional materials can be considered under Rule 12(b)(7), although not Rule 12(b)(6), without conversion.  (See ECF No. 37 at 284-86.)[2]  Defendant therefore advocates for the Court to make its Rule 12(b)(7) determination before making its Rule 12(b)(6) determination.  (Id. at 284.)  For the reasons discussed below, the order of analysis has no effect on the Court's determination.

Ordinarily, a court may not consider matters outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss unless the motion is treated as a motion for summary judgment under Rule 56.  Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016). However, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." Id.  It is "improper for a court to consider hearsay statements when ruling on a motion to dismiss."  Beydoun v. Wataniya Restaurants Holding, Q.S.C., 768 F.3d 499, 506 (6th Cir. 2014).

---

[2] Unless otherwise noted, all citations to the record refer to the "PageID" number.

There is no need to convert the Motion to Dismiss to a motion for summary judgment. The six letters about Plaintiff's application and dismissal (ECF Nos. 18-6 – 18-9, 18-13 – 18-14), the two forms about Plaintiff's employment (ECF Nos. 18-10 – 18-11), the Memphis City Council Operating Budget – Division Summary (ECF No. 18-15), the Personnel Manual excerpts (ECF Nos. 18-12 & 37-2), and the affidavit cannot be considered because they are inadmissible hearsay or are not referred to in the complaint. Stein, 2017 WL 4543697, at *3; Beydoun, 768 F.3d at 506.[3] They are not part of the record for purposes of Defendant's Motion to Dismiss under Rule 12(b)(6).

The four ordinances are not referred to in the complaint or central to the claims in the complaint, but can be judicially noticed if they fall under Federal Rule of Evidence 201. Rule 201 provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

---

[3] Defendant attaches a letter, on the letterhead "City of Memphis," signed by Mayor A C Wharton, Jr., informing Plaintiff that she will not be re-appointed. (ECF No. 18-13.) That letter is not referred to in Plaintiff's complaint. Plaintiff's complaint refers instead to a December 30, 2014 letter from Lisa Geater, Council Administrator, terminating Plaintiff's employment. (ECF No. 1 ¶ 22 ("[A] letter from Geater was delivered to Plaintiff. . . .").) At the motion to dismiss phase, the Court takes the allegations in the complaint as true and cannot consider the Wharton letter.

questioned." Fed. R. Evid. 201(b). Defendant attaches an

ordinance to amend, labeled "Ordinance No. 5219," which states,

"the Memphis City Council has broad legislative authority that

provides for the creation, appointment and regulation of its

own staff . . . ." (ECF No. 18-3 at 78.) That Ordinance is

not generally known within the Court's territorial

jurisdictional and is not capable of accurate and ready

determination by resort to sources whose accuracy cannot

reasonably be questioned. There is no evidence of Ordinance

5219 or its adoption on the Memphis, TN Municode website.[4]

That Ordinance is not a public record under Federal Rule of

Evidence 201. It is not part of the record for purposes of

Defendant's Motion to Dismiss under Rule 12(b)(6). The

remaining three ordinances are capable of accurate and ready

determination on the Municode website. They are public records

and can be considered.

## 2. Merits

Title VII and the ADA make employers liable. Title VII

prohibits "employer[s]" from engaging in "unlawful employment

practice[s]," including "fail[ing] or refus[ing] to hire or to

discharge any individual, or otherwise to discriminate against

any individual with respect to his compensation, terms,

------

[4] See https://library.municode.com/tn/memphis/code_of_ordinances.

conditions, or privileges of employment, because of such
individual's race, color, religion, sex, or national origin."
Id. § 2000e-2(a)(1).  Under the ADA, "[n]o covered entity shall
discriminate against a qualified individual on the basis of
disability in regard to job application procedures, the hiring,
advancement or discharge of employees, employee compensation,
job training, and other terms, conditions, or privileges of
employment."  42 U.S.C. § 12112(a).  The ADA defines "covered
entity" as an "employer, employment agency, labor organization,
or joint labor-management committee."  Id. § 12112(a).  Turner
can maintain Title VII and ADA claims against the City of
Memphis if she can establish that the City of Memphis was her
employer.  See Sutherland v. Mich. Dep't of Treasury, 344 F.3d
603, 611 (6th Cir. 2003).  Whether the City of Memphis was
Turner's employer is a question of federal law.  Armbruster v.
Quinn, 711 F.2d 1332, 1339 (6th Cir. 1983).

     Title VII defines "employer" as "a person engaged in an
industry affecting commerce who has fifteen or more employees
for each working day in each of twenty or more calendar weeks
in the current or preceding calendar year, and any agent of
such a person."  42 U.S.C. § 2000e(a).  Neither party disputes
that Defendant is an employer as defined by Title VII and the
ADA.

Title VII defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f). "The circularity of this definition renders it quite unhelpful in explaining whom Congress intended to include as an employee in the workplace." Marie v. Am. Red Cross, 771 F.3d 344, 352 (6th Cir. 2014) (citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992)).[5] When Congress uses the term "employee" without defining it with precision, courts should presume "'that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine.'" Id. at 352 (quoting Darden, 503 U.S. at 322–23).[6]

Although a direct employment relationship or common-law agency relationship is a basis for liability under Title VII and the ADA, "courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer.'" Swallows v. Barnes & Noble Book Stores, 128 F.3d 990, 993 (6th Cir. 1997); Grace v. USCAR, 521

---

[5] "'Because Title VII, the ADEA, and the ADA define employer essentially the same way,' [the Sixth Circuit relies] on case law developed under all three statutes." Swallows v. Barnes & Noble Book Stores, 128 F.3d 990, 993 n.2 (6th Cir. 1997) (quoting Wathen v. Gen. Elec. Co., 115 F.3d 400, 404 n.6 (6th Cir. 1997)).

[6] The common-law agency test requires courts to consider and weigh all aspects of the alleged employment relationship, including: remuneration, the skills required, location of the work, control of production, duration of the relationship, provision of benefits, and tax treatment. Darden, 503 U.S. at 323-24; Bryson v. Middlefield Volunteer Fire Dept., Inc., 656 F.3d 348, 352-53 (6th Cir. 2011) (applying Darden test in Title VII context). No single factor is dispositive. Bryson, 656 F.3d at 355. "The degree of importance of each factor will vary depending on the occupation and the factual context in which the services are performed." Id. at 354.

F.3d 655, 665 (6th Cir. 2008); <u>Sanford v. Main St. Baptist</u>

<u>Church Manor, Inc.</u>, 449 F. App'x 488, 495 (6th Cir. 2011).  In

the Sixth Circuit, multiple interrelated companies can be

treated as a single or joint employer.  <u>Swallows</u>, 128 F.3d at

993; <u>Grace</u>, 521 F.3d at 665; <u>Sanford</u>, 449 F. App'x at 495.

Courts evaluate four factors in determining interrelatedness:

"(1) interrelation of operations, i.e., common offices, common

record keeping, shared bank accounts and equipment; (2) common

management, common directors and boards; (3) centralized

control of labor relations and personnel; and (4) common

ownership and financial control."  <u>Swallows</u>, 128 F.3d at 994.

"None of these factors is conclusive, and all four need not be

met in every case."  <u>Id.</u>

    "The joint-employer and single-employer doctrines are

analytically distinct."  <u>Sanford</u>, 449 F. App'x at 495.  "The

joint-employer doctrine involves a business that maintains

sufficient control over some or all of the formal employees of

another business as to qualify as those employees' employer;

unlike in the single-employer context, the two businesses are

in fact independent."  <u>Id.</u> at 491.  The Sixth Circuit has

decided that "[w]hether a joint employer relationship exists

depends upon 'such factors as the supervision of the employees'

day to day activities, authority to hire or fire employees,

promulgation of work rules and conditions of employment, work assignments, and issuance of operating instructions.'" N.L.R.B. v. Centra, Inc., 954 F.2d 366, 370 n.2 (6th Cir. 1992) (quoting W.W. Grainger, Inc. v. NLRB, 860 F.2d 244, 247 (7th Cir. 1988)). The Sixth Circuit has also decided that there is joint employment when "two or more employers exert significant control over the same employees—where from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment." Carrier Corp. v. N.L.R.B., 768 F.2d 778, 782 (6th Cir. 1985); see Elkin v. McHugh, 993 F. Supp. 2d 800, 806 (M.D. Tenn. 2014) (citation and internal quotation omitted) ("To be a joint employer, [Title] VII requires the two entities to share or co-determine those matters governing essential terms and conditions of employment. . . . The major factors are the authority to hire, fire, discipline, affect compensation and benefits, and direct and supervise performance.").

Defendant argues that it is not Turner's employer because the Memphis City Council is an autonomous, legislative branch of the City of Memphis. (See ECF No. 18-16 at 154-57.) Defendant also represents that Memphis City Council employees are exempt from civil service. (Id. at 157.)

Turner alleges in her complaint that Defendant is her employer and that Defendant hired, employed, paid, and provided benefits to her and other staff "occupying administrative positions at the Memphis City Council." (ECF No. 1 ¶¶ 8, 29.) Those factual allegations allow the Court to draw the reasonable inference that Defendant is, at least, a joint employer potentially liable on Turner's Title VII and ADA claims. See Iqbal, 556 U.S. at 678.

Because Turner has alleged facts supporting her claim that the City is potentially liable as her joint employer, and because Defendant has cited no legal authority to the contrary, Defendant's Motion to Dismiss Plaintiff's complaint under Rule 12(b)(6) is DENIED.

**B. Motion to Dismiss for Failure to Join Necessary Party**

Defendant argues that Turner's complaint should be dismissed because the Memphis City Council is a necessary party. (ECF No. 37 at 297.) Defendant contends that the Court cannot accord injunctive relief in the absence of the Memphis City Council. (Id.) Defendant also contends that the Memphis City Council does not qualify as an "employer" under Title VII or the ADA, and would ultimately need to be dismissed. (See ECF No. 18 at 54.)

Dismissal under Rule 12(b)(7) is appropriate where: (1) a necessary party has not been joined, (2) joinder of that party would destroy the court's subject matter jurisdiction, and (3) equity and good conscience favor dismissal. Even if the Memphis City Council were a necessary party, joining it would not destroy the Court's subject matter jurisdiction. Defendant remains a party to this action. See infra. Turner's Title VII and ADA claims against Defendant establish the Court's federal question jurisdiction under 28 U.S.C. § 1331. Joinder of the Memphis City Council would not deprive the Court of federal question jurisdiction. Defendant's Motion to Dismiss under Rule 12(b)(7) for failure to join the Memphis City Council is DENIED.

## V.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss under Rule 12(b)(6) and (b)(7) is DENIED.


So ordered this 3rd day of January, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE