# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| THEYER ANN TURNER, ) <br> ) <br> Plaintiff, ) <br> ) No. 17-2447 <br> ) <br> v. ) <br> ) <br> THE CITY OF MEMPHIS, ) <br> ) <br> Defendant. ) | |

**ORDER**

On October 9, 2018, United States Magistrate Judge Diane K. Vescovo issued an order awarding Defendant the City of Memphis (the "City") expenses and attorneys' fees. (ECF No. 81.) Before the Court is Plaintiff Theyer Ann Turner's October 18, 2018 objection to that order. (ECF No. 91.) The City responded on November 1, 2018. (ECF No. 92.)

For the following reasons, Turner's objection is OVERRULED. The Magistrate Judge's order is AFFIRMED.

## I. Background

Turner filed the Complaint on August 15, 2017. (ECF No. 1.) She alleges that her employer, the City, violated her rights under: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; (2) the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq.; and (3) the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (See id.)

On July 16, 2018, the City filed a Motion to Compel and for Sanctions. (ECF No. 58.) The City sought to compel responses to certain discovery requests and asked the Court to sanction Turner for her alleged failure to comply with a previous court order and the Federal Rules of Civil Procedure. (See id.) The Court referred the City's motion to the Magistrate Judge for determination. (ECF No. 59.) On September 4, 2018, the Magistrate Judge granted the City's motion in part and denied it in part (the "September 4 Order"). (See ECF No. 76.) The Magistrate Judge found that "[t]he imposition of expenses against [Turner], including attorney fees, is warranted to compensate the City for the expenses incurred in bringing this motion." (Id. at 608.) The Magistrate Judge directed the City's attorneys to file affidavits verifying their expenses, including attorneys' fees, within fourteen days, and ordered Turner to

file any objections to the City's affidavits within seven days of service of each affidavit.  (Id.)

The City's attorneys filed affidavits claiming expenses on September 18, 2018.  (ECF Nos. 79, 80.)  Turner responded on September 24, 2018.  (ECF No. 81.)

On October 9, 2018, the Magistrate Judge ordered Turner to pay $4800.00 in attorneys' fees to the City (the "October 9 Order").  (ECF No. 87.)

On October 18, 2018, Turner filed an objection to the Magistrate Judge's October 9 Order.  (ECF No. 91.)

**II.  Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001)(citing Gomez v. United States, 490 U.S. 858 (1989)).  The Court has the authority to refer certain pretrial matters to a magistrate judge for resolution. See 28 U.S.C. § 636(b); Callier v. Gray, 167 F.3d 977, 980 (6th Cir. 1999).  Those referrals may include non-dispositive pretrial matters, such as a motion to compel.  See 28 U.S.C. § 636(b)(1)(A).

The Court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a non-dispositive referral. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.  If the magistrate

3

judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993).

The September 4 Order addressed the imposition of discovery sanctions and the production of documents. (See ECF No. 76.) The October 9 Order addressed the amount of attorneys' fees to be awarded. (See ECF No. 87-1.) Because both orders addressed non-dispositive pretrial motions, the Court must defer to the Magistrate Judge's conclusions unless they are clearly erroneous or contrary to law. See Massey, 7 F.3d at 508 (the general rule is that a "motion for attorneys fees and costs is deemed to be a non-case dispositive, factual matter and, as such, the standard to be applied" is "whether the Magistrate Judge's ruling is clearly erroneous") (internal quotation marks omitted).

"The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (internal quotation marks omitted). Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and

whether the finding was reasonable. See Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (citations omitted). "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" Doe v. Aramark Educ. Res., Inc., 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (quoting Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)); see also 32 Am. Jur. 2d Fed. Cts. § 140 (2018) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

**III. Analysis**

Federal Rule of Civil Procedure 37 provides that, if a motion to compel discovery is granted in part and denied in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

The September 4 Order granted in part and denied in part the City's motion to compel and awarded expenses and attorneys' fees to the City. (See ECF No. 76.) Brandy Parrish and Allan Wade, the attorneys for the City, represented that they had worked a combined 32.6 hours to prepare the motion to compel,

and they claimed an hourly rate of $300.00. (See ECF Nos. 79, 80.) They claimed a total award of $9600.00 in attorneys' fees. (Id.) The Magistrate Judge found the hourly rate to be reasonable but determined that some of the services rendered were unnecessary. (See ECF No. 87-1 at 679.) The Magistrate Judge noted that the City did not prevail on all of the arguments in its motion to compel, and that some of its requests were granted in part and denied in part. (Id. at 680.) Finding that "roughly half of the City's arguments" were granted, the Magistrate Judge awarded the City $4800.00, half of the total amount claimed. (Id.)

Turner argues that "she has at no time withheld any documents from production." (ECF No. 91 at 688.) She contends that the City "did not prevail on one-half of the issues in the Motion as the Magistrate Judge has found." (Id. at 689 (internal quotation marks omitted).) Turner represents: "[T]he motion to compel resulted in no additional documents. Plaintiff does not have the financial ability to pay the fees awarded. She has not acted willfully. She has been cooperative. Her attorney has been cooperative." (Id.)

The City makes three arguments: (1) Turner's objection to the imposition of discovery sanctions is untimely; (2) the September 4 Order awarding expenses and attorneys' fees is not clearly erroneous or contrary to law; and (3) the October 9 Order

6

setting the amount of attorneys' fees is not clearly erroneous or contrary to law. (See ECF No. 92.)

**A. Timeliness**

The City argues that Turner did not file a timely objection to the September 4 Order. (See ECF No. 92 at 693.) The City contends that Turner's objection is timely only as to the October 9 Order determining the amount of attorneys' fees. (See id. at 692.) The City represents that Turner "may not challenge" the Magistrate Judge's determination that it is entitled to attorneys' fees "or the findings upon which [the September 4 Order] is based." (Id. at 693.)

Turner did not file an objection to the September 4 Order within fourteen days. Objections not brought within fourteen days of a Magistrate Judge's order are usually deemed waived. See Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); Local Rule 72.1(g)(1)); Kluck v. Chater, 98 F.3d 1342 (6th Cir. 1996). The Sixth Circuit has held, however, that "a party shall be informed by the magistrate that objections must be filed within [the necessary time period] or further appeal is waived." United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The Supreme Court affirmed the constitutionality of the Sixth Circuit's rule in Thomas v. Arn, holding that "[s]uch a rule, at least when it incorporates clear notice to the litigants and an

7

opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power . . . ." 474 U.S. 140, 155 (1985) (emphasis added).

Although the September 4 Order advised Turner that she could object to the amounts the City's attorneys requested (see ECF No. 92 at 692), the Order did not notify Turner of her right to object to the imposition of an award of attorneys' fees. Because the September 4 Order did not contain the necessary notice, Turner has not waived her right to object to the Magistrate Judge's determination that the City is entitled to attorneys' fees. See Mattox v. City of Forest Park, 183 F.3d 515, 520 (6th Cir. 1999).

**B. Objection to the September 4 Order**

In the September 4 Order, the Magistrate Judge found that "[t]he imposition of expenses against [Turner], including attorney fees, is warranted to compensate the City for the expenses incurred in bringing this motion." (Id. at 608.) Turner argues that an award of attorneys' fees is improper because "she has at no time withheld any documents from production." (ECF No. 91 at 688.) Turner contends that she either electronically produced or made available for inspection all requested documents. (See id.) She represents that the City "simply did not come to [Turner's] attorney's office until

8

after the hearing by the Magistrate Judge" to view the documents she made available for inspection. (Id. at 689.)

Turner made those arguments to the Magistrate Judge, (see ECF No. 68 ¶¶ 8—11), and the Magistrate Judge did not accept them. The Magistrate Judge held a hearing on the City's Motion to Compel on August 22, 2018. (ECF No. 72.) The Magistrate Judge found that Turner had not produced all requested documents and that Turner did not produce certain requested documents until August 27, 2018, after the hearing. (See ECF No. 76 ¶¶ 2, 15.)

Turner submits no evidence to show the Magistrate Judge's findings were erroneous. The burden is on the objecting party to "pinpoint those portions of the magistrate's report that the district court must specifically consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). A magistrate judge's decision must be clearly erroneous before this Court can modify it or set it aside. This standard is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Magistrate Judge's finding is plausible, and Turner has produced no evidence to contradict it. The Magistrate Judge's factual findings underlying the imposition of discovery sanctions are not clearly erroneous.

Turner does not argue that the imposition of discovery sanctions "fails to apply or misapplies relevant statutes, case law, or rules of procedure." 32 Am. Jur. 2d Fed. Cts. § 140

(2018). Federal Rule of Civil Procedure 37 allows the court to impose discovery sanctions when a motion to compel is granted in part and denied in part. See Fed. R. Civ. P. 37(a)(5)(C). The imposition of attorneys' fees in the September 4 Order is not contrary to law. Turner's objection to the imposition of attorneys' fees is OVERRULED.

### C. Objection to the October 9 Order

On October 9, 2018, the Magistrate Judge awarded the City one-half of its claimed attorneys' fees because the City prevailed on "roughly half" of its arguments. (See ECF No. 87-1.) Turner argues that the amount is excessive because the City "did not prevail on one-half of the issues in the motion as the Magistrate Judge found." (ECF No. 91 at 689 (internal quotation marks omitted).) The City contends that the Magistrate Judge's finding "is not clearly erroneous, and in fact, greatly favors" Turner. (ECF No. 92 at 698.) The City represents that "twenty-one of [the City's] twenty-four requests at issue were either granted or denied as moot because discovery was provided after the motion to compel was filed." (Id. at 699.)

Under Federal Rule of Civil Procedure 37(a)(5)(C), if a motion to compel is not granted in full, the court may apportion reasonable expenses. See Fed. R. Civ. P. 37(a)(5)(C). The Court need not quantify the relief granted to the City. "[A]ttorneys' fee findings need not be infinitely precise, deluged with

10

details, or even fully articulated." Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 20 (1st Cir. 2012) (internal quotation omitted). The Magistrate Judge gave an adequate basis for her decision and acted within her discretion. The apportionment of attorneys' fees in the October 9 Order is neither clearly erroneous nor contrary to law. Turner's objection to the amount of attorneys' fee awarded is OVERRULED.

IV. **Conclusion**

For the foregoing reasons, Turner's objection is OVERRULED. The Magistrate Judge's order is AFFIRMED.

So ordered this 4th day of February, 2019.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE