```
IN THE UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

| | |
|---|---|
| THEYER ANN TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS,<br><br>    Defendant. | No. 17-2447 |

**ORDER**

Before the Court is Defendant City of Memphis's (the "City") January 18, 2019 Motion for Judgment on the Pleadings (the "Motion"). (ECF No. 103.) Plaintiff Theyer Ann Turner responded on February 19, 2019. (ECF No. 117.)

For the following reasons, the City's Motion is GRANTED.

**I. Background**

In October 2000, the City hired Turner to work as an executive secretary for the Memphis City Council. (ECF No. 1 ¶ 8.) In January 2013, Turner suffered a "nervous breakdown" and took leave under the Family Medical Leave Act, 29 U.S.C. §§ 2601, et. seq. (the "FMLA"). (Id. ¶ 18-19.) Turner returned to work in

1

April 2013. (Id.) She again took FMLA leave in July 2014. (Id. ¶ 20.) When she returned to work in October 2014, Turner's doctor recommended that she work only four to five hours a day. (Id.) The City initially allowed Turner to work part-time. (Id.) In early December 2014, Turner asked to continue working part-time through January 3, 2015, and submitted another note from her doctor supporting her request. (Id.) The City did not act on Turner's request. (Id.) On December 30, 2014, Turner received a letter informing her that her employment with the City had been terminated. (Id. ¶ 22.)

On October 15, 2015, Turner filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission (the "EEOC"). (EEOC Charge, ECF No. 1-2.) The Charge alleged that the City had engaged in discrimination based on race, disability, and FMLA rights. (Id.) It also alleged that the City had retaliated by discharging Turner. (Id.) The EEOC sent Turner a Dismissal and Notice of Rights letter, dated March 30, 2017. (ECF No. 1-3.)

On June 28, 2017, Turner brought this action against the City raising claims of discrimination based on race, disability, FMLA rights, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12101, et seq., as amended by the ADA

2

Amendment Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008).

## II. Jurisdiction

The Court has federal-question jurisdiction. Under 28 U.S.C. § 1331, United States district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Turner alleges that the City violated Title VII, the FMLA, the ADA, and 42 U.S.C. § 1981(b). (See ECF No. 1.) Those claims arise under the laws of the United States.

## III. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard of review for a judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

Rule 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Campbell v. Nationstar Mortg., 611 F. App'x 288, 291 (6th Cir. 2015) (quotation omitted). A motion to dismiss tests only whether the plaintiff

has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

4

**IV. Analysis**

The City moves for judgment on the pleadings on three of Turner's claims: (1) violation of the FMLA; (2) violation of 42 U.S.C. § 1981(b); and (3) hostile work environment under Title VII.

**A. Timeliness of the City's Motion**

Turner argues that the Court should not consider the City's Motion because it is untimely and improperly makes arguments that could have been raised in the City's earlier Motion to Dismiss. Turner's argument is not well-taken. Federal Rule of Civil Procedure 12(h)(2) allows a defendant to assert the defense of failure to state a claim in a Rule 12(c) motion for judgment on the pleadings even if the defendant previously raised it in a Rule 12(b)(6) motion to dismiss. See Fed. R. Civ. P. 12(h)(2)(B). The City's motion is timely and proper. See DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 23 (D.D.C. 2002).

**B. FMLA Claims**

The City argues that Turner's claims under the FMLA should be dismissed because the statute of limitations has run. Turner "agrees [that] her FMLA claims are time-barred . . . ." (ECF No. 117 at 843.) Turner's claims under the FMLA are DISMISSED.

**C. Section 1981 Claim**

Turner brings a claim under 42 U.S.C. § 1981(b). Section 1981 "prohibits racial discrimination in the making and enforcement of contracts." McCormick v. Miami Univ., 693 F.3d 654, 659 (6th Cir. 2012). Its protection "extends to 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" Amini v. Oberlin Coll., 440 F.3d 350, 358 (6th Cir. 2006) (quoting 42 U.S.C. § 1981(b)). The statute does not provide a cause of action against a municipality. Arendale v. City of Memphis, 519 F.3d 587, 598 (6th Cir. 2008). Forty-two U.S.C. § 1983 is the exclusive vehicle by which plaintiffs may bring § 1981 claims against state governmental entities. Bryant v. City of Memphis, 644 F. App'x 381, 384 (6th Cir. 2016).

Courts should construe § 1981 claims against state governmental entities as claims under § 1983. Id. (citing Johnson v. City of Shelby, 574 U.S. 10 (2014)). To state a claim under § 1983 against a municipality, Turner "must show that the violation of [her] 'right to make contracts' protected by § 1981 was caused by a custom or policy within the meaning of [Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978)] and subsequent cases." Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989); see also McCormick, 693 F.3d at 660

(noting that Jett remains binding authority in the Sixth Circuit). Turner has not alleged that an official custom or policy caused her injuries. Indeed, she alleges that her termination "violated the City's policies and procedures for terminating a City employee . . . ." (ECF No. 1 ¶ 27.) Because Turner fails to allege an official policy or custom, she fails to state a claim. The City's Motion on Turner's § 1981(b) claim is GRANTED.

### D. Hostile Work Environment

Turner brings a claim for hostile work environment under Title VII. The City argues that the Court has no subject matter jurisdiction over Turner's claim because she failed to exhaust her administrative remedies by including it in her administrative charge.

Congress gave initial enforcement responsibility for Title VII to the EEOC. See 42 U.S.C. § 2000e-5(e)(1). A plaintiff bringing a discrimination claim under Title VII in federal court "must first exhaust her administrative remedies." Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731 (6th Cir. 2004). The purpose of this requirement is to "trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." Scott v. Eastman Chem. Co., 275 F. App'x 466, 471 (6th Cir. 2008) (quotation omitted). In general, "a Title VII plaintiff cannot bring claims in

lawsuits that were not included in his EEOC charge." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010). Doing so "would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." Id. An "EEOC complaint should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination." Randolph, 453 F.3d at 732 (quotation omitted).

A claim need not be explicitly set forth in an EEOC charge. The facts alleged in the charge must be sufficient, however, to "prompt the EEOC to investigate a different, uncharged claim." Scott, 275 F. App'x at 474. If a charge of discrimination contains no facts that would put a defendant or the EEOC on notice of a particular type of discrimination, a plaintiff may not file suit to remedy it under Title VII. Davis v. Sodexho, 157 F.3d 460, 464 (6th Cir. 1998).

Considering hostile work environment claims, the court first looks to the narrative portion of the plaintiff's charge to see whether the alleged facts would put the defendant or the EEOC on notice. See Younis, 610 F.3d at 362. If the court concludes the alleged facts would not have put the defendant or EEOC on notice of a hostile work environment claim, the court looks to the EEOC Determination to see whether the EEOC investigated such a claim. See id.

8

A workplace is hostile if it is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). "[T]he inclusion in an EEOC charge of a discrete act or acts, standing alone, is insufficient to establish a hostile-work-environment claim for purposes of exhaustion . . . unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." Id. (quoting Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 503 (7th Cir. 1994)).

In her charge to the EEOC, Turner checked the boxes for race discrimination, disability discrimination, and retaliation. (ECF No. 1-2 at 16.) In the narrative portion of her Charge, Turner said:

> I began working for the above stated employer on October 10, 2000.
>
> In 2013, I filed an internal race discrimination EEO complaint. In July 2014, my manager discussed my medical condition in an e-mail to employees. In August 2014, I was diagnosed with another medical condition/disability. The disposition for the internal EEO was issued on September 23, 2014. I was under FMLA from July 2014 to October 2014. When I returned from FMLA leave, my Doctor stated that I was to only work part time.
>
> Due to my progressive medical conditions/disabilities, being on FMLA and returning to work on a part time

9

> basis due to my disabilities, and the disposition of
> my filing an internal EEO, I was discriminated against
> in that I was selected for discharge effective December
> 31, 2014. The employer did not follow procedures for
> my discharge.
>
> I believe that I have been discriminated against be-
> cause of my race, Black when I filed the internal EEO
> and its disposition in violation of Title VII of the
> Civil Rights Act of 1964, as amended; my disabilities
> in violation of the American with Disabilities Amend-
> ments Act; and retaliated against[.]

(Id.)

Turner's charge did not expressly include a claim of hostile work environment nor did it allege more than isolated acts. Turner's charge discussed two acts taken by the City over the course of six months: (1) in July 2014, Turner's manager discussed her medical condition in an email to her colleagues; and (2) in December 2014, the City terminated Turner's employment. In Russ v. Memphis Light Gas & Water Division, 720 F. App'x 229, 238 (6th Cir. 2017), allegations of four discrete acts spanning six months were not enough to provide notice that the plaintiff was alleging a hostile work environment. The two isolated acts Turner alleges here would not put the City or the EEOC on notice of a hostile work environment claim. The EEOC's determination does not show that the EEOC conducted an investigation of such a claim. (See ECF No. 1-3.) Turner did not exhaust the administrative remedies for her hostile work environment claim. The City's Motion on that claim is GRANTED.

10

**V. Conclusion**

For the foregoing reasons, the City's Motion is GRANTED.

So ordered this 15th day of May, 2019.

                                                 /s/ *Samuel H. Mays, Jr.*
                                                 Samuel H. Mays, Jr.
                                                 UNITED STATES DISTRICT JUDGE